MADDISON & JOHNSON v. PIEDMONT STONE COMPANY.

HOLDEN, J. The court committed no error in his ruling excluding testimony, nor in his failure to charge as complained of. The evidence was sufficient to support the verdict; and the judgment is
                                        *Affirmed. All the Justices concur.*
                        APRIL 14, 1911.

Complaint. Before Judge Pendleton. Fulton superior court. June 24, 1910.

*Mark Bolding,* for plaintiffs in error. *Walter A. Sims,* contra.

---

WILLIAMSON *et al. v.* YOUMANS.

HOLDEN, J. 1. Where tenants in common bring a joint action for the recovery of land, if it appears upon the trial of the case that the defendant has a good title by prescription as against one of the plaintiffs, there can be no recovery in the case. *DeVaughn* v. *McLeroy,* 82 *Ga.* 713 (10 S. E. 221); Powell on Actions for Land, § 27.

(a) If the evidence did not show in the defendant a good title as against all of the plaintiffs, the uncontradicted evidence shows a good title by prescription by reason of adverse possession under color of title for seven years in the defendant as against one or more of the plaintiffs; and under the ruling announced in the preceding note, the court committed no error in directing a verdict in favor of the defendant.

2. The deed under which defendant claims title was admissible as color of title, if not admissible for any other purpose. Even if the admission of other evidence over the objection of the plaintiffs was error for any reason assigned, the admission of such evidence does not constitute error requiring a new trial, as competent evidence admitted demanded a verdict in favor of the defendant.
                                *Judgment affirmed. All the Justices concur.*
                        . APRIL 14, 1911.

Complaint for land. Before Judge Rawlings. Emanuel superior court. January 17, 1910.

*Hines & Jordan, Alfred Herrington, Lee Godfrey,* and *Walter F. Grey,* for plaintiffs. *Williams & Bradley,* for defendant.